Frank C. Gibson, OSB No. 792352
fgibson@eugenelaw.com
Hutchinson Cox
940 Willamette Street, Ste. 400
P. O. Box 10886
Eugene, OR 97440
Phone: (541) 686- 9160
Fax: (541) 343-8693
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| ORGANIC MATERIALS REVIEW INSTITUTE, an Oregon nonprofit corporation,<br><br>                    Plaintiff,<br><br>  vs.<br><br>FLEA AWAY, INC., a California corporation; SIMON BOWLES and LILIAN BOWLES,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>LANHAM TRADEMARK ACT INFRINGEMENT<br>(15 U.S.C §1051, *et seq.*) |

## I. Nature of Action

1. This is a civil action for certificate mark infringement under the Lanham Trademark Act (15 U.S.C. § 1051, *et. seq*.).

## II. Jurisdiction and Venue

2. This court has original jurisdiction under 15 U.S.C. § 1121.

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

### III.  Parties

4. Plaintiff Organic Materials Review Institute ("OMRI") is an Oregon nonprofit corporation duly organized and existing under the laws of the state of Oregon.  OMRI has its principal place of business in Eugene, Oregon.

5. Defendant Flea Away, Inc. ("Flea Away"), is a corporation organized under the laws of the state of California, which corporation, upon information and belief, is presently suspended by the California Franchise Tax Board.  Flea Away has its principal place of business in Alpine, California.

6. Defendants Shawn Boles and Lilian Bowles are individuals whose residence is, on information and belief, in Alpine, California.  They are the principals of Flea Away.

### IV.    Infringement of Trademark

7. Plaintiff owns Registration No. 2,956,532 registered May 31, 2005, commonly known as the OMRI Listed® Seal, as shown by records in the Patent and Trademark Office ("the Mark"), which Mark has been in continuous use in interstate commerce for five consecutive years subsequent to May 31, 2005.  Plaintiff owns, maintains and uses the Mark in connection with its professional and independent review of materials and processes to determine their suitability for producing, processing and handling organic food and fiber.

8. In June 2015, defendant Flea Away initiated an application to plaintiff for the use of the Mark in connection with its product known as "FLEA AWAY DE" ("the Unauthorized Product").  Defendant abandoned its application, which was deemed forfeited in December 2015.  Plaintiff notified defendant to cease and desist using the Mark in writing on December 27, 2015, March 4, 2016, and June 4, 2016.

9. Defendants have failed and refused to cease and desist using the Mark as demanded, and continue to do so on its product, its advertising, and on its website. Defendants' conduct is likely to cause the purchasing public to believe, incorrectly, that the Unauthorized Product has been evaluated by plaintiff and has been certified by plaintiff as meeting the stringent requirements for use of the Mark. Defendants' conduct constitutes a false designation of the attributes of the Unauthorized Product; is an attempt to palm off and appropriate to themselves plaintiff's exclusive rights to determine how, and on what products, the Mark is used; and dilutes the value of the Mark in commerce.

10. Defendants' refusal to cease and desist its unlawful conduct despite repeated demands shows that defendants will continue to engage in their unauthorized conduct in this state and in interstate commerce.

11. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of defendants' conduct, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (VIOLATION OF LANHAM ACT)

12. Plaintiff realleges the allegations set forth in the paragraphs above.

13. Plaintiff hereby asserts a claim against defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), with regard to the false designation of the Unauthorized Product as having been evaluated by plaintiff and has been certified by plaintiff as meeting the stringent requirements for use of the Mark.

## SECOND CLAIM FOR RELIEF
### (INFRINGEMENT OF REGISTERED TRADEMARK)

14. Plaintiff realleges the allegations set forth in the paragraphs above.

15. By reason of the foregoing, plaintiff hereby asserts a claim against defendants for injunctive and monetary relief pursuant to 15 U.S.C. §1117(a) with respect to defendants' infringement of the registered Mark.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff OMRI seeks relief against defendants, and each of them, as follows:

A. Defendants, their agents, employees, officers, attorneys, successors and assigns, be enjoined in this and all judicial districts in the United States, preliminarily during the course of this litigation and permanently, from: 1) manufacturing, selling, distributing, offering for sale, holding for sale, or advertising in any way any products or goods, including without limitation, the Unauthorized Product, that bear the Mark or any colorable variation or imitation thereof; and 2) representing that any such products are, or have ever been, certified as qualified to use the Mark.

B. The Court order the United States Marshal, public safety personnel of other jurisdictions, authorized agents of plaintiff, or any person acting under their supervision, to seize and impound any and all Unauthorized Product.

C. The Court require defendants to deliver up for destruction any Unauthorized Product.

D. Plaintiff have judgment against defendants, and each of them, for monetary damages in an amount to be determined.

E.  Plaintiff be awarded its costs, attorney fees, and such other relief as the Court deems to be just and proper.

DATED: October 3, 2016.

   s/Frank C. Gibson   
Frank C. Gibson, OSB No. 792352
fgibson@eugenelaw.com
Hutchinson Cox
940 Willamette Street, Ste. 400
P. O. Box 10886
Eugene, OR 97440
Phone: (541) 686-9160
Fax: (541) 343-8693
*Attorneys for Plaintiff*
